# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### NORTHERN DIVISION

MATTHEW J. SMITH,       )
                )
       Plaintiff,       )
                )
      v.                 )         No. 2:10CV22 AGF
                )
CHARLES N. SHARPE, et al.,     )
                )
       Defendants.     )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. B86629), an inmate at Pinckneyville Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. Plaintiff has no money in his prisoner account, accordingly he will not be assessed an initial partial filing fee at this time. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, an inmate at Pinckneyville Correctional Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Charles N. Sharpe, Joseph Moore, and David Moss.  Plaintiff alleges that defendants physically abused him while he attended the Heartland Christian Academy.

To state a federal claim under § 1983, a plaintiff must first establish that a person acting under color of state law committed actions which violated his constitutional rights.  See, e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981).  None of the named defendants in this action are alleged, or appear to be "state actors" within the meaning of §1983.  Moreover, plaintiff has not made any other allegations that fall within this Court's jurisdiction. Thus, because plaintiff has asserted no claims that arise under federal and/or constitutional law, this action will be dismissed without prejudice.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff will not be assessed an initial partial filing fee at this time.

---

[1]Plaintiff must adjudicate in state court any state law claims he wishes to assert.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.   See 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of March, 2010.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE